**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

WILLIAM V. TRAN,

*Plaintiff*,

v.

XAVIER BECERRA,
Secretary of Health and Human Services,

*Defendant*.

Civil Action No. 1:21-cv-02773 (CJN)

## ORDER

This matter is before the Court on Defendant's Motion to Dismiss, or in the alternative, Motion to Transfer. ECF No. 11.

Plaintiff William Tran is a Vietnamese man who is employed as a mechanical engineer by the National Institutes of Health. He alleges that his employer discriminated against him on the basis of his national origin and race, and retaliated against him for engaging in activities protected by Title VII, and interfered with his right to contract under 28 U.S.C. § 1981. Compl., ECF No. 1. Tran has since conceded his § 1981 claim on the ground it does not apply to federal employees. Pl. Opp. at 4, ECF No. 12. All other claims are brought under Title VII. Compl., ECF No. 1.

Secretary Becerra moves to dismiss the Complaint in its entirety for improper venue and in part for failure to state a claim. Def.'s Mot., ECF No. 11. Beginning with venue, Secretary Becerra argues venue in Title VII cases is controlled by 42 U.S.C. 200e-5(f)(3), which provides in relevant part, that venue is proper:

> [I]n any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged

> unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

*Id.* The Secretary argues that, because all relevant employment actions took place outside of the District of Columbia, but in the District of Maryland, this Court is not a proper venue.

In opposition, Tran notes that Secretary Becerra is an appropriate Defendant and that his principal office is in the District of Columbia. Pl.'s Opp. at 3–4. And Tran states that, if the Secretary's office is insufficient to establish venue, he will not oppose transfer to the District of Maryland. *Id.* at 4.

In reply, Secretary Becerra asks the Court to "simply transfer the matter to the District of Maryland." Def.'s Reply at 1.

The Court agrees with the Secretary that transfer is appropriate because venue in the District of Columbia is not proper. Title VII claims may be brought in the district and State in which (i) "the unlawful employment practice is alleged to have been committed," (ii) "the employment records relevant to such practice are maintained and administered," or (iii) "the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e–5(f)(3). Only if the defendant cannot be found in any such district can an action be brought where "the respondent has his principal office." *Id.; Braun v. U.S. Dep't of the Interior*, 288 F. Supp. 3d 293, 299 (D.D.C. 2018), *aff'd sub nom. In re Braun*, 2018 WL 11300459 (D.C. Cir.). Here, neither party disputes that the Secretary can be found in the District of Maryland. And indeed, the Secretary can be found where Tran was employed in Maryland. *See Ash v. Buttigieg*, 2022 WL 1125559, at *2 (D.D.C. Apr. 15, 2022).

Accordingly, the Court will transfer the case to the District of Maryland. 28 U.S.C. § 1406. "Generally, the 'interest of justice' instructs courts to transfer cases to the appropriate judicial

district, rather than dismiss them." *James v. Booz–Allen & Hamilton, Inc.*, 227 F. Supp. 2d 16, 20 (D.D.C. 2002).  Here, both parties agree that the case could have been brought in the District of Maryland because the underlying events took place there, and neither party opposes a transfer rather than a dismissal.

Because the Court has determined a transfer is appropriate, out of respect for the transferee Court's interpretation of federal law, the Court declines to rule on the Rule 12(b)(6) portions of Defendant's Motion prior to transfer.

Accordingly, it is

**ORDERED** that the Motion to Dismiss, or in the alternative, Motion to Transfer, is **GRANTED IN PART**.  It is further

**ORDERED** that Count IV (the 42 U.S.C. § 1981 claim) of the Complaint is **DISMISSED**.  It is further

**ORDERED** that this case be **TRANSFERRED** to the District of Maryland.

DATE:  July 12, 2022

CARL J. NICHOLS
United States District Judge